1  JOSEPH P. RUSSONIELLO (CASBN 44332)
United States Attorney

2

3  BRIAN J. STRETCH (CASBN 163973)
Chief, Criminal Division

4  DEREK BUTTS (CASBN 172207)
Special Assistant United States Attorney

5
   1301 Clay Street; Suite 340-S
6  Oakland, California 94612
   Telephone: (510) 637-3771
7  Facsimile: (510) 637-3724
   E-mail: derek.butts@usdoj.gov
8
   Attorneys for Plaintiff
9

10                    UNITED STATES DISTRICT COURT

11                  NORTHERN DISTRICT OF CALIFORNIA

12                         OAKLAND DIVISION

13

14  UNITED STATES OF AMERICA,        )    No. CR 07-00345 SBA
                                     )
15        Plaintiff,                 )    GOVERNMENT'S SENTENCING
                                     )    MEMORANDUM AND OPPOSITION TO
16     v.                            )    DOWNWARD DEPARTURE
                                     )
17  CLIFFORD HARRIS,                 )    DATE: April 1, 2008
                                     )    TIME: 10:00 a.m.
18        Defendant.                 )
                                     )    Honorable Saundra Brown Armstrong
19  _____ )

20        For the reasons set forth below, the government respectfully requests that the Court

21  sentence the defendant, Clifford Harris, to a term of 188 months imprisonment, 3 years of

22  supervised release, no fine, and the $100 special assessment.

23

24                         Factual Background

25        On April 26, 2007, police officers from the Richmond Police Department and several

26  other agencies served a state search warrant at the residence of the defendant located at 5233

27  Creeley Avenue in Richmond, California.  Richmond Police Officer Hill, stationed in the rear of

28  the residence, observed the defendant throw a firearm from a southwest bedroom window as

GOVT. SENT. MEM.
CR 07-00345 SBA

1 | other officers made entry from the front of the residence.  The gun, a loaded .40 Heckler & Koch

2 | handgun, was recovered from its resting place in the backyard.  The defendant and a witness

3 | identified as Craig Smith were contacted inside the residence.  Craig Smith was interviewed at

4 | the scene regarding his relationship to the residence.  Officers determined that he was only a

5 | recent visitor and released him from the scene.

6 |      During a search of the master bedroom of the residence, officers located several pieces of

7 | indicia showing the defendant's connection to the residence.  Also located in the master bedroom

8 | were 76.5 grams of cocaine base, 709 grams of cocaine salt, 36 grams of heroin and a quantity of

9 | "Super MSM," a substance commonly used as a cutting agent for controlled substances such as

10 | cocaine.

11 |      An investigation into the status of the handgun revealed that it was owned by a police

12 | officer from the state of Louisiana who reported the handgun stolen on October 14, 2004.

13 |      As documented in the Pre Plea Presentence Report (PSR), the defendant has a lengthy

14 | criminal record dating back to 1975 including convictions for gun possession, felon in possession

15 | of a firearm, robbery, grand theft and three separate cases where he suffered convictions for

16 | possessing controlled substances for sale.

17 |

18 | The Sentencing Guidelines

19 |      Regardless of whether U.S.S.G. § 2D1.1 or § 4B1.1(b) is used to calculate the base

20 | offense level, the defendant faces a guideline range of 151 to 188  months.  Pursuant to the plea

21 | agreement, the defendant will argue for a downward departure to a sentence of 132 months.  The

22 | Probation Department has recommended a sentence of 151 months, noting in paragraph 90 of the

23 | PSR that no factors have been identified that would warrant an upward or downward departure

24 | from the advisory guideline range.  For the reasons set forth below, the Government requests the

25 | Court to sentence the defendant to a term of 188 months.

26 |

27 | A Sentence of Imprisonment of 188 Months is Reasonable and Appropriate

28 |      Despite a break from criminal convictions and the fact of the defendant's poor health, the

GOVT. SENT. MEM.
CR 07-00345 SBA                   2

1   Government urges the court to consider the nature and circumstances of the case and the history

2   and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1) as justification for a

3   sentence of 188 months.  The quantities of drugs involved and possession of a firearm show that

4   the defendant was engaged in a drug trafficking at a high level.  In fact, of the 709 grams of

5   cocaine salt that was sezied from the defendant's residence, Detective Pomeroy of the Richmond

6   Police Department on page 5 of his report offered the opinion that the quantity was a partial

7   kilogram of cocaine salt.

8       Even more telling, however, than the high level of the defendant's drug trafficking

9   activities is the lengthy array of criminal convictions suffered by the defendant dating back to

10  1975, many of which involved the possession of a firearm as in this case.  The defendant's career

11  as a drug dealer is well established as he has been convicted of state crimes in California in 1987

12  for possessing cocaine base for sale and felon in possession of a firearm, 1992 for possession of a

13  controlled substance for sale and 1995 for possession of cocaine base for sale.  Each of these

14  convictions resulted in a prison sentence.

15      At some point, one has to wonder whether an individual who continues to commit serious

16  crimes is deserving of any favorable treatment at the time of sentencing.  Sentencing the

17  defendant to 132 months as the defendant will request or even the low end of the guideline range

18  of 151 months as recommended by probation will be a gift to an undeserving defendant who has

19  established a pattern of serious criminal behavior.  Based on this history, it is hard to accept any

20  suggestion that the defendant might lead a law abiding life and refrain from exposing the public

21  to the harm associated with his criminal behavior should he be released from prison.  The public

22  will be protected only by removing the defendant from society for as long as the law allows.

23

24

25

26                                          ///

27

28

GOVT. SENT. MEM.
CR 07-00345 SBA                         3

1

Conclusion

2     The government respectfully requests that the Court sentence the defendant to a term of

3  188 months imprisonment, 3 years of supervised release, no fine, and the $100 special

4  assessment.

5

6  Dated: March 25, 2008                          Respectfully submitted,

7                                                 JOSEPH P.RUSSONIELLO
                                                  United States Attorney
8
                                                  _____/s/_____
9                                                 Derek Butts
                                                  Special Assistant United States Attorney
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GOVT. SENT. MEM.
CR 07-00345 SBA                          4