UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>CLIFFORD HARRIS,<br><br>　　　　Defendant. | Case No:  CR 07-00345 SBA<br><br>**ORDER DENYING MOTION FOR A REDUCTION OF SENTENCE**<br><br>Docket 50 |

  On May 31, 2007, Defendant Clifford Harris ("Defendant") was charged in a four-count Indictment with violating:  21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii) - Possession With Intent to Distribute Cocaine Base; 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii) - Possession With Intent to Distribute Cocaine; 21 U.S.C §§ 841(a)(1) and 841(b)(1)(C) - Possession With Intent to Distribute Heroin; and 18 U.S.C. § 922(g)(1) - Felon in Possession of a Firearm and Ammunition.  On March 24, 2008, a one-count Superseding Information was filed, charging Defendant with violating 21 U.S.C. § 856(a)(1) - Maintaining Drug-Involved Premises.[1]  Pursuant to a plea agreement entered into under Federal Rule of Criminal Procedure 11(c)(1)(C), Defendant pled guilty to the sole count in the Superseding Information.  Defendant was sentenced to 151 months of imprisonment,

---

[1] In his plea agreement, Defendant admitted to knowingly using and maintaining the residence located at 5233 Creely Avenue to distribute cocaine base (i.e., crack cocaine), cocaine salt, and heroin. Plea Agreement ¶ 2, Dkt. 29. Defendant also admitted that, on April 26, 2007, he possessed 76.5 grams of crack cocaine, 709.8 grams of cocaine salt, and 36.4 grams of heroin. Id.

followed by three years of supervised release. The parties are presently before the Court on Defendant's motion for a reduction of sentence under 18 U.S.C. § 3582(c)(2). The United States of America ("Government") opposes the motion. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES Defendant's motion, for the reasons stated below.

I. **DISCUSSION**

In the Fair Sentencing Act of 2010 ("FSA"), Pub.L. No. 111-220, 124 Stat. 2372, Congress addressed the inequitable disparity between the sentences prescribed for crack and powder cocaine offenses. United States v. Augustine, 712 F.3d 1290, 1291 (9th Cir. 2013). The FSA reduced the crack/powder disparity from 100-to-1 to 18-to-1. Id. at 1292. The FSA gave the Sentencing Commission emergency authority to amend the Sentencing Guidelines to bring them in line with the new statutory penalties. Id. Pursuant to that authority, the Sentencing Commission promulgated Amendment 748, which lowered the offense levels for crack cocaine offenses in the drug quantity table of Guidelines § 2D1.1(c). Id. at 1292-1293. Amendment 750 to the Sentencing Guidelines made the changes to § 2D1.1(c) permanent as of November 1, 2011, while Amendment 759 made those changes retroactive. Id. at 1293.

Defendant, proceeding pro se, moves for a reduction of his 151-month sentence under § 3582(c)(2). "As a general matter, courts may not alter a term of imprisonment once it has been imposed." United States v. Hicks, 472 F.3d 1167, 1169 (9th Cir. 2007). An exception to this general prohibition is provided by § 3582(c)(2), which states that when a defendant is sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) . . ., if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2) (emphasis added); see also United States v. Pleasant, 704 F.3d 808, 810 (9th Cir. 2013).

As an initial matter, the Court finds that Defendant has waived his right to file a motion for a reduction of sentence under § 3582(c)(2). In his plea agreement, Defendant agreed "not to file any collateral attack on [his] conviction or sentence, including a . . . motion under 18 U.S.C. § 3582. . . ." Plea Agreement ¶ 5. Such a waiver is enforceable if (1) the language of the waiver encompasses the relief sought, and (2) the waiver is knowingly and voluntarily made.[2] United States v. Harris, 628 F.3d 1203, 1205 (9th Cir. 2011); United States v. Charles, 581 F.3d 927, 931 (9th Cir. 2009). In determining whether the waiver was knowingly and voluntarily made, a court should consider "the express language of the waiver and the facts and circumstances surrounding the signing and entry of the plea agreement, including compliance with Federal Rule of Criminal Procedure 11." United States v. Nguyen, 235 F.3d 1179, 1182 (9th Cir. 2000). A waiver is knowing and voluntary if the guilty plea was taken in compliance with Rule 11 and the record reveals no "misrepresentation or gross mischaracterization by counsel" that tainted the plea. United States v. Jeronimo, 398 F.3d 1149, 1157 n. 5 (9th Cir. 2005), overruled on other grounds by United States v. Jacobo Castillo, 496 F.3d 947, 957 (9th Cir. 2007) (en banc).

Defendant does not dispute that the plain language of his plea agreement waives his right to file a § 3582 motion. See United States v. Malone, 503 Fed.Appx. 499 (9th Cir. 2012) (concluding that plea agreement's language squarely waived defendant's right to file a § 3582 motion where language stated that defendant waived "any right [he] may have to file any collateral attack on [his] conviction or sentence, including a . . . motion under 18 U.S.C. § 3582. . . ."). Further, a review of the record reveals that Defendant knowingly and voluntarily waived his right to file such a motion. The plea agreement conferred significant benefits on Defendant. In exchange for his plea, Defendant received the benefits of an amended charging document which, unlike the Indictment, contained only a single count of

---

[2] Two claims that cannot be waived, however, are that the waiver itself was involuntary or that ineffective assistance of counsel rendered the waiver involuntary. See Washington v. Lampert, 422 F.3d 864, 870-871 (9th Cir. 2005).

conviction with no statutory mandatory minimum sentence.[3]  In addition, Defendant repeatedly acknowledged that he was entering into the plea agreement knowingly and voluntarily.  Specifically, Defendant affirmed in his plea agreement that: (1) he had adequate time to discuss the case, the evidence, and the plea agreement with his attorney; (2) he was not under the influence of any alcohol, drug, or medicine when he signed the plea agreement; (3) his decision to enter into the plea agreement was made knowing the charges that were brought against him, any possible defenses, and the benefits and possible detriments of proceeding to trial; and (4) his attorney provided him with all the legal advice that he requested.  See Plea Agreement ¶¶ 18-20.  Defendant also confirmed that his decision to plead guilty was made voluntarily, without threats or coercion.  Id. ¶ 20.[4]  Defendant's attorney signed the plea agreement, attesting that, in his opinion, Defendant "understands the terms of the agreement and all the rights he is giving up by pleading guilty, and that his client's decision to plead guilty is knowing and voluntary." Id. at 6.

        Before accepting Defendant's guilty plea, the Court conducted a thorough plea colloquy pursuant to Rule 11.  During the colloquy, Defendant reiterated that his plea was made knowingly and voluntarily after he had the opportunity to discuss the plea agreement thoroughly and completely with his attorney.[5]  See Dkt. 43 at 3:18-25:2.  The Court reviewed specific provisions of the plea agreement with Defendant to ensure he understood

---

[3] As noted above, the Indictment contained four charges.  The Indictment carried a mandatory minimum of 10 years on Count One, which could have been increased to 20 years to life based upon Defendant's prior convictions.  See 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii).  In addition, the Indictment carried a mandatory minimum of 5 years on Count Two, which could have been increased to 10 years based upon Defendant's prior convictions.  See 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii).

[4] In addition to entering into a plea agreement acknowledging that his decision to enter a guilty plea was made voluntarily, Defendant also signed an Application for Permission to Enter Plea of Guilty, affirming that he offers his plea "freely and voluntarily and of [his] own accord and with full understanding of all the matters set forth in the . . . Information and in [the] application." Dkt. 28.

[5] During the plea colloquy, Defendant's attorney represented that he discussed the plea agreement thoroughly and completely with his client, answered all of his client's questions, discussed with his client each of the elements of the crime required to support a conviction of the crime he pled guilty to, and that, in his opinion, Defendant understood the plea agreement in its entirety.  Dkt. 43 at 17:20-18:9.

the agreement. Id. at 11:5-17:2.  Among the provisions of the plea agreement reviewed by the Court was the waiver provision.  Defendant acknowledged that he understood the waiver and that he agreed to it.  Id. at 14:18-24.  At the end of the colloquy, the Court specifically found that Defendant was capable of entering an informed plea and that his guilty plea was knowing and voluntary.  Id. at 24:19-25:1.

In light of the foregoing, the Court finds that the record demonstrates that Defendant's guilty plea and waiver of his right to bring a motion under § 3582(c)(2) were knowingly and voluntarily made.  Defendant's guilty plea was taken in compliance with Rule 11, and Defendant does not allege, nor does a review of the record reveal, that defense counsel tainted the plea by making a misrepresentation or gross mischaracterization to Defendant.  See Jeronimo, 398 F.3d 1149, 1157 n. 5.  Accordingly, because Defendant knowingly and voluntarily waived his right to file a motion under § 3582(c)(2), Defendant's motion for a reduction of sentence is DENIED.[6]

Furthermore, even assuming arguendo that Defendant did not waive his right to file a motion under § 3582(c)(2), he is not entitled to a sentence reduction.  Defendant was sentenced as a career offender.  As such, his sentence was not "based on" a sentencing range that has subsequently been lowered by the Sentencing Commission.  See United States v. Charles, 749 F.3d 767, 770-771 (9th Cir. 2014) (retroactive amendments regarding

---

[6] Although not entirely clear, Defendant appears to argue that his guilty plea and/or waiver of his right to bring a § 3582 motion was not voluntary as he received ineffective assistance of counsel because his attorney did not challenge the applicability of the career offender guidelines at sentencing.  To demonstrate ineffective assistance of counsel, a defendant must show: (1) that his counsel's performance was deficient; and (2) that the deficient performance prejudiced his defense.  Strickland v. Washington, 466 U.S. 668, 687 (1984).  Defendant's ineffective assistance of counsel claim fails because his attorney's performance was not deficient given that Defendant is a career offender.  Indeed, Defendant admitted as much in his plea agreement.  Moreover, Defendant failed to demonstrate prejudice.  Defendant has not argued, let alone shown, that, but for his attorney's errors, he would not have pled guilty and insisted on going to trial.  Hill v. Lockhart, 474 U.S. 52, 59 (1985) ("[I]n order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.").  Finally, to the extent Defendant contends that the Court erred in determining that he is a career offender, his argument goes beyond what is permitted under a § 3582(c)(2) motion.  See United States v. Waters, 648 F.3d 1114, 1118 (9th Cir. 2011).

sentences under the drug guidelines do not affect individuals who were sentenced as career offenders because the two sentencing schemes are mutually exclusive).  In the plea agreement, the parties used the career offender guidelines (§ 4B1.1) to calculate the guideline range applicable to Defendant.  Under the parties' calculations, Defendant had a total offense level of 29 with a criminal history category of VI, yielding a sentencing range of 151-188 months.  Plea Agreement ¶ 8.  The parties agreed that "a reasonable and appropriate disposition of this case" would be a sentence of "no more than 188 months imprisonment and no less than 132 months imprisonment."  Id. ¶ 9.  At sentencing, the Court accepted the parties' Rule 11(c)(1)(C) plea agreement and sentenced Defendant to 151 months of imprisonment.  Accordingly, because Defendant was sentenced "based on" the career offender guidelines and not the subsequently amended crack-cocaine guidelines, he is not eligible for a sentence reduction.  See Pleasant, 704 F.3d at 812-813 ("[A] defendant's sentence is 'based on' whatever guidelines the parties have agreed to in a (C) agreement.")[7]; see also Charles, 749 F.3d at 770-771.

Moreover, even assuming that Defendant was sentenced based on the subsequently amended crack-cocaine guidelines, the Court would be without authority to reduce Defendant's sentence because a sentence reduction would not be consistent with the policy statement set forth in U.S.S.G. § 1B1.10(b)(2)(A).  This policy statement provides that "the Court shall not reduce the defendant's term of imprisonment under . . . § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range."  Here, because Defendant is a career offender, had the amendments to the crack-cocaine guidelines been in effect at the time of his sentencing, the applicable Guidelines range would have been 151-

---

[7] In Pleasant, the Court held that the defendant's sentence was clearly "based on" the crack-cocaine guidelines because the plea agreement expressly used § 2D1.1(c) to set the stipulated sentence.  See Pleasant 704 F.3d at 811 (noting that "even though the plea agreement recognized that Pleasant's status as a Career Offender could have triggered a higher offense level, the agreement's express reliance on § 2D1.1(c) means that, under § 3582(c), Pleasant's sentence was 'based on' § 2D1.1(c)").

188 months by operation of the career offender guidelines.[8]  As such, Defendant is not eligible for a sentence reduction because he was sentenced to the minimum of the applicable amended Guidelines range, i.e., 151 months.  See U.S.S.G. § 1B1.10(b)(2)(A) & cmt. n. 3; United States v. Cruzagosto, 530 Fed.Appx. 658 (9th Cir. 2013); see also Waters, 648 F.3d at 1117-1119 (defendant who was subject to career offender guidelines was ineligible for a reduction in sentence because the amendment to the crack-cocaine guidelines did not have effect of lowering applicable guideline range).  Accordingly, Defendant's motion for a reduction of sentence is DENIED.

## II.   CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1.   Defendant's motion for a reduction of sentence is DENIED

2.   This Order terminates Docket 50.

IT IS SO ORDERED.

Dated: 12/5/2014

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

---

[8] At the time of sentencing, the probation officer relied on the drug quantity table in § 2D1.1(c) to calculate a base offense level of 32.  The probation officer then added two levels based on Defendant's possession of a dangerous weapon.  After subtracting three levels for acceptance of responsibility, the probation officer arrived at a total offense level of 31.  Because the probation officer determined that Defendant was a career offender, she concluded that Defendant's criminal history category was VI, yielding a Guidelines range of 188-235 months.  However, as discussed above, the Court accepted the parties' Rule 11(c)(1)(C) plea agreement, which used the career offender guidelines (§ 4B1.1) to calculate the stipulated sentence, not the drug quantity table in § 2D1.1(c).  The parties calculated the Guidelines range to be 151-188 months based on a total offense level of 29 (base offense level 32 minus 3 levels for acceptance of responsibility) and a criminal history category of VI.  The Court sentenced Defendant to 151 months of imprisonment.  Following the amendments to the sentencing guidelines, Defendant's base offense level under § 2D1.1(c) is 28.  Adding two levels for the dangerous weapon and subtracting three levels for acceptance of responsibility results in a total offense level of 27.  A total offense level of 27 and a criminal history category of VI yields a Guidelines range of 130-162 months.  However, because Defendant is a career offender, his base offense level is 32 by operation of the career offender guidelines. See U.S.S.G. § 4B1.1.  After subtracting 3 levels for acceptance of responsibility, Defendant's total offense level is 29.  Thus, had the amendments been in effect at the time of sentencing, Defendant's applicable Guidelines range would have been 151-188 months based on a total offense level of 29 and criminal history category of VI.